IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Steele, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 8952 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Steele, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>etseq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Mary Steele ("Steele"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt she allegedly owed for a World Financial Network Bank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. PRA operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant PRA was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRA is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect upon directly, or through other debt collectors.

6. Defendant PRA is authorized to conducts business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant PRA conducts extensive and substantial business in Illinois.

7. Defendant PRA is licensed as debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant PRA acts as collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Steele is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a World Financial Network Bank store credit card. At some point in time after that debt became delinquent, Defendant PRA allegedly bought this account, and when PRA began trying

2

to collect the World Financial Network Bank debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, Defendant PRA sent her a collection letter, dated July 19, 2011. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on August 16, 2011, one of Ms. Steele's attorneys at LASPD informed Defendant PRA that Ms. Steele was represented by counsel, and directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Steele was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant then had a collection law firm send Ms. Steele another collection letter, dated August 8, 2012, demanding payment of the World Financial Network Bank debt. A copy of this collection letter is attached as Exhibit E.

12. Thus, on August 31, 2012, Ms. Steele's LASPD attorney had to send yet another letter that directed that communications and collections had to cease. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Undeterred, Defendant's collection law firm sent Ms. Steele yet another collection letter, dated September 20, 2012, demanding payment of the World Financial Network Bank debt. A copy of this collection letter is attached as Exhibit G.

14. On October 18, 2012, Ms. Steele's LASPD attorney had to once again send a letter to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. Defendant PRA's collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Steele's agent/attorney, LASPD, told Defendant PRA to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

20. Defendant PRA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

4

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23. Defendant PRA knew that Ms. Steele was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that Ms. Steele was represented by counsel, and had directed a cessation of communications with Ms. Steele.  By having collection letters sent to Ms. Steele, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant PRA's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Steele, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Steele, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§ 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Steele, demands trial by jury.

Mary Steele,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 9, 2012

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com